## LADD *against* ABEL.

Where *A* demised to *B* his farm for nine hundred and ninety-nine years, and *B*, in consideration thereof, covenanted to furnish *A* with "one half of all the produce of the farm;" and *B* cut and carried off from the farm divers quantities of wood and timber, which he sold; in an action brought by *A* against *B* for one half of the avails of such wood and timber, it was held, that the expression " yearly produce," as used in this covenant, did not comprehend the wood and timber of the farm, but only such crops as are annually gathered.

Where *B*, in such case, further covenanted, that if one half of the yearly rent and produce of the farm should not be sufficient for the support of *A* and his wife, *B* would furnish them with all necessary food, clothing, house-room

*New-London,*
July, 1847.

Ladd
*v.*
Abel.

and every thing to make life comfortable, in sickness and in health; at the time of making this agreement, *A* and *B* were living together on the farm, where *A* continued to reside for more than fourteen years, and then he removed to a place about three miles distant; it was held, 1. that when the contingency happened, which entitled *A* to call for such necessaries, it was incumbent on him to give notice thereof to *B*; 2. that *B* was not bound to furnish such necessaries at any other place than his own dwelling-house.

Where *A*, for the purpose of showing the reason for such change of residence, offered in evidence his declarations, made before and after it took place, not in the presence of *B*; it was held, that such declarations, not accompanying any act, were not a part of the *res gesta*, and were inadmissible.

THIS was an action of covenant, brought upon a certain agreement, executed by the parties, bearing date *May* 22nd, 1829. By that agreement, the plaintiff demised to the defendant a certain farm, situated in the town of *Franklin*, containing about one hundred and five acres, for the term of nine hundred and ninety-nine years: and the defendant, on his part, in consideration thereof, covenanted, that he would pay therefor the full amount of the support of the plaintiff and his wife; would furnish them with one half of all the produce of the farm, every year, during the natural life of each of them; and if one half of the yearly rent and produce of the farm should not be sufficient for their support, in a decent and becoming manner, then the defendant would furnish them with all necessary food, clothing, house-room, and every thing necessary for making life comfortable, in sickness and in health, so long as they and either of them should live.

The cause was tried at *Norwich, March* term 1847, before *Waite*, J.

On the trial, the plaintiff, for the purpose of showing that the defendant had not furnished him with his share of the produce of the farm, according to the terms of the agreement, offered testimony to prove, that the defendant had cut and carried off from the farm divers quantities of wood and timber, which he had sold, without paying to the plaintiff any portion of the avails thereof.

To the admission of this testimony the defendant objected; and the court sustained the objection.

It was proved, and admitted by the parties, that at the time of making the agreement in 1829, they resided together upon the farm; the defendant either having married, or being

about to marry, his present wife, a niece of the plaintiff; and that the plaintiff and his wife continued to reside with the defendant upon the farm, in a small house adjoining the house of the defendant, until the year 1843, when they left, and went to reside with *Reuben Armstrong*, whose wife was a sister of the plaintiff's wife, and who lived about three miles from the defendant; with whom they have ever since resided.

The plaintiff, for the purpose of showing the reason of his removal, offered in evidence his declarations, made both before and after his removal, not in the presence of the defendant.

To the admission of them the defendant objected: and they were excluded by the court.

The defendant introduced evidence to prove, that he had, every year since the making of the agreement, paid to the plaintiff one half of all the produce of the farm, which had been received and disposed of, by the plaintiff, at his pleasure; that he had, at all times, both before and since the plaintiff had left his house, been ready and willing to furnish the plaintiff and his wife, at his dwelling-house, with such further necessaries as they might require; and that he had so informed the plaintiff, since his removal, and requested him to return to the defendant's house. And the defendant thereupon prayed the court to instruct the jury, that if they should find these facts to be true, he was not liable for the support of the plaintiff and his wife, at any other place, if they were in a situation to return.

The plaintiff offered evidence to prove, that since his removal to *Armstrong's*, one half of the produce of the farm had not been sufficient for the necessary support of himself and wife; that they had in consequence boarded with *Armstrong*; and the plaintiff claimed to recover, among other things, for the expense of their board over and above the avails of the produce furnished by the defendant; and he prayed the court to instruct the jury, that the defendant was bound to support him and his wife, wherever they chose to reside.

The instruction given by the court, was in conformity with the claim of the defendant.

The plaintiff introduced evidence to prove, that at the time of making the agreement, he was possessed of other

property besides the farm; and that he had, from time to time, applied the avails thereof in paying the bills of physicians and nurses for their attendance upon him and his wife, in their sickness; and claimed, that he had a right to recover the amount of such bills. But there was no evidence that the plaintiff, before the commencement of his suit, had ever requested the defendant to pay those bills, or given him notice that the produce of the farm furnished him, was not adequate to the support of himself and wife.

Upon this subject the court instructed the jury, that by the terms of the agreement, the defendant was bound to furnish the plaintiff and his wife with the full amount of their support; that the parties had in their agreement specified what that should ordinarily be, *viz.* one half of all the produce of the farm; that the plaintiff was, at all times, entitled to receive that amount, even if it should be more than is necessary for the support of himself and wife; and that he had a right to use it and dispose of it, at his pleasure. But if such share of the produce should not be sufficient for the support of the plaintiff and his wife, in a decent and becoming manner, the defendant was bound to furnish such other supplies as should be necessary for their support, in the manner specified in the agreement. And if the jury should find, that the defendant had furnished the plaintiff with one half of all the produce of the farm, and the plaintiff had never claimed more, or made known to the defendant that more was needed, he being at all times in a situation to make known his wants, if any such existed, they had a right to infer from the plaintiff's silence, that his share of the produce of the farm was adequate to the support of himself and his wife.

The jury returned a verdict for the defendant; and the plaintiff thereupon filed his motion for a new trial.

*Rockwell* and *Wait,* in support of the motion, contended, 1. That as the defendant, by virtue of his lease, had only an estate for years, and not a freehold, in the farm, he had not any right, as incident to his estate, to cut off the wood and timber growing on the farm, and sell the same and appropriate the avails to his own use. He would have the right only to cut wood sufficient for fuel, and timber for the necessary repair of the buildings on the farm, and to make and repair

New-London, July, 1847.

Ladd
v.
Abel.

fences and implements of husbandry. *Co. Litt.* 46. 2 *Bla. Com.* 140. to 145. *Williams on Real Prop. part* 4. *c.* 2. 4 *Kent's Com.* 86 to 93. Ex parte *Gay,* 5 *Mass. R.* 419. 1 *Sw. Dig. c.* 6. The legal seisin of the freehold, in this case, remains with the lessor, the plaintiff. He has full power to convey it, by deed; or to devise it, by will; or if he dies intestate, it will descend to his heirs, and his wife, if she survives him, will have a right of dower in it, in the same manner as if no term existed. *Williams on Real Prop.* 324. *Bulkley* v. *Dolbeare,* 7 *Conn. R.* 232. *Osborne* v. *Humphrey, Id.* 335. 2 *Sug. Vend.* 202.

But at any rate, the defendant is liable to pay over to the plaintiff one half of the nett avails of the wood and timber disposed of, under that clause of the agreement requiring him to furnish the plaintiff and his wife with the " one half of all the produce of said farm, yearly and every year, during the natural life of each." The word "produce" is a word of more extensive meaning than emblements, estovers and crops: it embraces every thing that grows upon land. Suppose the principal value of this farm was derived from the products of a coal-mine, or a stone-quarry; can there be a doubt that the one half of the nett avails of the mine or quarry would be embraced in the expression, " produce of said farm"?

2. That the declarations made by the plaintiff, at the time of changing his domicil, and explanatory of his motives for leaving the house of the defendant, and taking up his residence at the house of *Armstrong,* being regarded in the law as " verbal acts," should have been received as part of the *res gesta. Cook* v. *Swan,* 5 *Conn. R.* 140. *Wooden* v. *Cowles,* 11 *Conn. R.* 292. *Deming* v. *Carrington,* 12 *Conn. R.* 1. 1 *Greenl. Ev.* 124.

3. That by a fair construction of this agreement, the defendant is bound to support the plaintiff and his wife, wherever they may choose to reside, provided that he is not thereby subjected to unreasonable expense. The defendant has no more right to select a local residence where the support should be furnished to them, than he has to decide what they shall eat or drink, or in what fashion they shall be clothed. In the case of *Wilder* v. *Whittemore,* 15 *Mass. R.* 262. the supreme court of *Massachusetts,* in putting a construction

upon a similar instrument, decided, that where the engagement to support was general in its terms, the party to be supported was free to select a residence most conducive to his enjoyment.   The present case is clearly distinguishable from the cases of *Brown* v. *Brown*, 4 *Conn. R.* 269.   *Johnson* v. *Johnson*, *Id.* 407. and *Scott* v. *Hull*, 8 *Conn. R.* 296.   The situation of the parties, when the contract was entered into ; the construction that they put upon it, as evinced by their acts ; the language of the instrument—in all these particulars, the cases referred to differed from the present case.

4. That the advanced age of the plaintiff and his wife, their infirm health, the relation in which the defendant stood to them under this agreement, the terms of the agreement itself—all made it the duty of the defendant to watch over them, ascertain what would contribute to their comfort and happiness, and furnish every thing necessary for that purpose, without its being formally demanded.   The question is, whether the contract has been fulfilled, by the defendant ; and if not, whether the plaintiff has done any act, to estop him from proving the facts in the case.

*Strong* and *Foster*, contra, contended, 1. That the testimony offered by the plaintiff to prove the cutting and sale of wood and timber, without dividing the avails, was inadmissible.   Neither the agreement on which the suit is brought, nor the declaration, in either of the counts, is at all conversant about any such subject matter.

2. That the declarations of the plaintiff, made in the absence of the defendant, wholly unconnected with any act in controversy, were clearly inadmissible.   It would be contrary to all principle and authority to admit in evidence the naked declarations of one of the parties, made in the absence of the other.   Not being under the sanction of an oath, such evidence is not equal to the testimony of the party himself in court.   *Haynes* v. *Rutter*, 24 *Pick.* 242.   The motion does not furnish a pretence for considering these declarations as part of the *res gesta*.

3. That the construction put on this agreement, by the court below, and the instruction given to the jury as to its effect, were, in all respects, legal and unexceptionable. First, as to the place where the plaintiff and his wife were to be

supported. *Brown* v. *Brown*, 4 *Conn. R.* 269. *Johnson* v. *Johnson*, *Id.* 407. *Scott* v. *Hull*, 8 *Conn. R.* 296. Secondly, as to the amount to be furnished by the defendant to the plaintiff. Thirdly, as to the inference to be drawn, by the jury, from the silence of the plaintiff regarding the sufficiency of his support. [The senior counsel for the defendant was heard only as to the construction of the agreement, being stopped by the court on the other points.]

New-London,
July, 1847.

Ladd
*v.*
Abel.

WAITE, J. The first question, is, whether the plaintiff is entitled to recover one half the avails of the wood cut and sold from the farm. This depends upon the construction of the agreement. The defendant agreed, that he would furnish the plaintiff with "one half of all the produce of the farm," and if " one half of the yearly rent and produce" should be insufficient for the support of the plaintiff and his wife, then further supplies were to be furnished.

Does the expression " yearly produce," thus used, comprehend the wood and timber of the farm, or only such crops as are annually gathered ? The latter obviously must have been the meaning of the parties. Had they intended to comprehend the former, they would naturally have inserted some stipulation, as to the quantity to be annually cut, and not have left the whole business entirely to the discretion of the defendant. By omitting to cut during the life-time of the plaintiff and his wife, he might entirely deprive them of all benefit to be derived from the sale of wood, and save the whole to himself.

The evidence upon this subject was properly rejected.

2. Were the declarations of the plaintiff, offered by him in evidence, admissible ? They were not offered as explanatory of any act, nor as part of any *res gesta*, nor as having been made in the presence of the defendant. Were they admissible, it is obvious, that it would be a very easy matter for a party to make evidence for himself. He has only to make such declarations as he pleases, relating to the cause for leaving, and then call witnesses to prove, that he made such declarations. Upon no principle could they be received as evidence.

3. The next enquiry relates to the *place* where the defendant was bound to provide the support of the plaintiff and

his wife. By the terms of his covenant, and as a consideration for the conveyance to him, he agreed to pay the plaintiff one half of all the produce of the farm. This the plaintiff had a right to dispose of, at his pleasure. And so long as he required nothing more of the defendant, he had a right to live where he pleased, and as he pleased.

But the defendant has entered into a further stipulation. He agrees that if that part of the produce shall be insufficient for the support of the plaintiff and his wife, then he binds himself to furnish them with all necessary food, clothing, house-room, and every thing else necessary to make life comfortable, in sickness and in health.

It is only when these extra supplies are required by the plaintiff, that the place where they are to be furnished, becomes material. Where then is the defendant bound to provide this house-room, and these other necessaries? At his own house, or wherever the plaintiff may choose to live? The question is one of some interest to the defendant.

The expense of providing house-room and the necessaries that might be required by the plaintiff, at the defendant's house in *Franklin,* might be a very different matter from furnishing the same in the city of *New-York,* or even in the city of *Norwich.* The defendant, in making the contract, might well suppose, that he could perform it, at the former place, by his own labour and the produce of the farm. But the latter mode, in the course of a few years, might sweep away, not only all the produce of the farm, but its whole value.

The parties, when they entered into this agreement, must naturally have had in contemplation the mode in which it was to be executed. Now, at the time when it was made, this court had given a construction to two contracts very similar in their character to the present. *Brown* v. *Brown,* 4 *Conn. R.* 269. *Johnson* v. *Johnson, Id.* 407.

In those cases, it was holden, that a party obligating himself to provide support for another person, under circumstances very much like those in the present case, was bound to provide that support only at his own dwelling-house. The doctrine of these cases was sanctioned in a subsequent case. *Scott* v. *Hull,* 8 *Conn. R.* 296.

There is nothing in the language or character of the pres-

ent contract, that would justify a construction different from <span style="float:right"><i>New-London,</i><br><i>July, 1847.</i></span> that given in the cases cited. The parties, therefore, may fairly be considered as having made their agreement with reference to the law then existing and established, and applicable to contracts of that character.

<i>Ladd.</i><br><i>v.</i><br><i>Abel.</i>

Besides, the parties themselves have given a contemporaneous construction of their agreement. It appears, that the plaintiff, for a period of more than fourteen years after its execution, continued to reside upon the farm with the defendant. This circumstance furnishes a strong presumption as to the understanding of the parties in relation to the nature and obligation of the contract.

4. The remaining enquiry relates to the notice to be given to the defendant, when supplies are required beyond the stipulated rent. It is insisted, on the part of the plaintiff, that the defendant is liable upon his contract, without such notice.

Now, the rule upon this subject, both at law and in equity, is, that where a fact affecting the rights of parties, is more peculiarly within the knowledge of the plaintiff than of the defendant, it is the duty of the former to give notice to the latter. *Craft* v. *Isham*, 13 *Conn. R.* 28. 32. *Farwell* v. *Smith*, 12 *Pick.* 88.

The wants of the plaintiff, and his expenditures on account of them, were facts peculiarly within his knowledge. To entitle him to recover for such expenses, it was incumbent on him to give the defendant notice of his claim. From his silence, the jury might well infer, that he considered his share of the produce of the farm adequate to his support, and that whatever he expended more, he intended should be from his other means.

The case might be different, were he, by reason of sickness, derangement, or other cause, incapable of making known his wants. Then a knowledge of the plaintiff's situation, would have made it the duty of the defendant to provide the stipulated support. But nothing of that kind is shown, in the present case.

A new trial, therefore, must be denied.

*In this opinion the other Judges concurred.*

New trial not to be granted.